# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO 2:19CR00008-002 |
| ) | |
| DARWIN MELGAR ESCOBAR, et al ) | |
| ) | |
| Defendant. ) | |

**SENTENCING MEMORANDUM**

**COMES NOW** the defendant, Darwin Melgar Escobar, by counsel, and respectfully submits the following Sentencing Memorandum, stating as follows:

On September 30, 2019, Darwin Melgar Escobar pled guilty to Counts Six and Seven of a seven count Indictment, in violation of 18 U.S.C. § 1791(a)(2), 18 U.S.C. § 1971(b)(1), 18 U.S.C. § 1791(c), 18 U.S.C. § 1791(d)(1)(C), 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(E), respectively.  The Court, in attempting to determine the appropriate sentence in this matter, is guided by the factors enumerated in 18 U.S.C. § 3553(a)(2) and must impose a sentence no greater than that sufficient to reflect the serious of the offense, promote respect for the law, provide just punishment for the offense; afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant and provide the defendant with education, vocational training, medical care or other correctional treatment in the most effective manner.  U.S. v. Gall, 128 S.Ct. 586 (2007).

Departures or variances from the guidelines range in the sentence must be based upon an "individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009).  This should be occasioned by the Court whether the departure is above, below or within the Guidelines range.

Additionally, the Court should consider the person before it as an individual as every case is a "unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." Koon v. United States, 518 U.S. 81, 113 (1996). The Sentencing Guidelines are advisory only. See United States v. Booker, 543 U.S. 220 (2005). The Supreme Court in U.S. v. Gall, 128 S.Ct. 586, rejected mindless uniformity and explicitly recognized that a "deferential abuse-of-discretion standard could successfully balance the need to reduce unjustifiable disparities across the Nation and consider every convicted person as an individual." Id. at 598 n.8. Moreover, simply by "correctly calculat[ing] and review[ing] the guideline range," a judge "necessarily [gives] significant weight and consideration to the need to avoid unwarranted disparities." Id. at 599. The Courts serve a critical function in the continued promulgation and modification of the Sentencing Guidelines. In Rita v. United States, 127 S. Ct. 2456 (2007), Justice Breyer described the intended evolution of the Guidelines, saying that the Commission's work is "ongoing," that it "will" collect statements of reasons when district courts impose non-guideline sentences, that it "may" obtain advice from prosecutors, defenders, law enforcement groups, civil liberties associations, experts in penology, and others, and that it "can revise the Guidelines accordingly." This ideal set forth by Justice Breyer can only be realized if district courts disagree with the guidelines when warranted by policy considerations, and communicate those disagreements to the Sentencing Commission though their sentencing decisions.

## 18 U.S.C. § 3553(a) and the Individualized Assessment of Mr. Escobar

Darwin Melgar Escobar is 31 years old having been born on March 22, 1988, in Honduras to his mother, Suyapa Escobar, and, his father, Alberto Cabrera, who is deceased. Mr. Escobar still maintains regular contact with his mother, despite his incarceration. He has several siblings with whom he has little contact or knowledge of.

2

Mr. Escobar was cared for by his aunt and uncle during the first eight years of his life.  His childhood was very unstable and he formed few, if any, personal bonds.  His early life in Honduras was marred by poverty and lack of positive role modeling.  During his childhood, he rarely saw his mother and, of course, his father was absent from his life.  He alleges he was physically abused by the aunt and uncle with whom he lived until he ran away at the age of eight.  Working odd jobs and living on his own wit until he was 16, he illegally entered the United States in 2004 at the age of 16.  He was able to locate his mother in northern Virginia.  Shortly thereafter, she moved to Texas with her new husband and Mr. Escobar elected to stay in Virginia, in large measure, because his mother was not very receptive to his living with her.

Although never married, Mr. Escobar has two children, both 10 years old, who live with their mothers.  He has regular contact with his children, largely via telephone since his incarceration.  He has acted as a surrogate father for his co-defendant's child and she is under the belief that he is her biological father.

Mr. Escobar readily admits to having been a member of MS-13, primarily out of necessity for survival, and who has provided the only cognizable family structure he has ever known.  He has not been active in the gang during his time in prison.

Mr. Escobar has experimented with marijuana and alcohol but neither has been a problem throughout his life.  He began using and abusing K-2 and Suboxone regularly after becoming incarcerated.  He began taking the drugs following a long bout with depression from which he, predictably, represents that he has suffered much of his life.  He believes he has become addicted to the same and desires to obtain treatment for such.

Mr. Escobar has attempted to better himself while in prison.  He has obtained his GED and been free of violations up until the instant charges.  His is in the eighth year of a 216 month sentence.

Mr. Escobar's criminal history is reflective of his history of lack of positive parental influence. Without question, Mr. Escobar was born into a difficult station in life and he has survived, in large measure, from a combination of luck and his own devices. He caught a Petit Larceny conviction at the age of 18 from trying to steal food. He has a DUI and drug paraphernalia possession conviction that are reflective of his early exposure and environmental factors. He represents that he was a low level member of MS-13 who got caught up in the conviction of several members who were organizers of a racketeering scheme. His 216-month sentence could have been easily mitigated by cooperation with the Government. However, Mr. Escobar chose not to assist the Government and was treated as harshly as the principals of the scheme. The firearm he was alleged to have possessed was not found on his person but rather in the room where he was arrested.

The instant offense was precipitated by his desperation to obtain Suboxone to feed his addiction that he has developed while in prison. Mr. Escobar has taken full accountability and responsibility for the actions that led to this conviction. He pled guilty and has expressed his regrets for his actions to the Court and the probation office. Mr. Escobar agrees with the findings of the probation officer in his presentence investigation report and would, respectfully, ask the Court to impose a sentence within the stated guideline range. Such a sentence will best meet the factors the Court is required to consider in §3553. It is Mr. Escobar's desire to pay his debt to society, serve out the balance of his prison sentence and return to Honduras when he is, inevitably, deported upon release. He states that he intends to remain in his native country and wants to find employment and live out the rest of his life in a law abiding and drug free manner. He would, respectfully, request a recommendation by the Court for participation in RDAP to address his drug abuse and addiction issues.

**DARWIN MELGAR ESCOBAR**
- BY COUNSEL -

**/s/**

*[signature: Jeffrey L. Campbell]*

**JEFFREY L. CAMPBELL**
**Virginia Bar Number: 45247**
**CAMPBELL LAW FIRM, P.C.**
**709 N. Main Street**
**Post Office Box 986**
**Marion, Virginia 24354**
**Telephone No.: (276) 783-8197**
**Facsimile No.: (276) 783-8198**
**E-mail: jeff@campbelllawfirmva.com**

## CERTIFICATE OF SERVICE

I, Jeffrey L. Campbell, Counsel for Defendant, Darwin Melgar Escobar, do hereby certify that I electronically filed the Defendant's Sentencing Memorandum with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Zachery Lee, Assistant United States Attorney for the Western District of Virginia, by electronic mailing to USAVAW.ECFAbingdon@usdoj.gov and to all other counsel of record, on this the ___ day of January, 2020.

**/s/**

*[signature: Jeffrey L. Campbell]*

**JEFFREY L. CAMPBELL**
**Virginia Bar Number: 45247**
**CAMPBELL LAW FIRM, P.C.**
**709 N. Main Street**
**Post Office Box 986**
**Marion, Virginia 24354**
**Telephone No.: (276) 7783-8197**
**Facsimile No.: (276) 783-8198**
**E-mail: jeff@campbelllawfirmva.com**