# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | Case No. 2:19CR00008-002 |
| ) | |
| v.  ) | **OPINION** |
| ) | |
| **DARWIN MELGAR ESCOBAR,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant. ) | |

*Jonathan Jones, Assistant United States Attorney, Roanoke, Virginia, for United States; Erin Trodden, Assistant Federal Public Defender, Charlottesville, Virginia, for Defendant.*

The court considers whether to reduce the defendant's sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. For the following reasons, the defendant's sentence will not be reduced.

I.

Darwin Melgar Escobar was sentenced on January 14, 2020, following his conviction for being an inmate in possession of and obtaining a prohibited object, a narcotic drug, (Count 6) in violation of 18 U.S.C. § 1791(a)(2), (b)(1), (c), and (d)(1)(C), and possession with the intent to distribute buprenorphine (Count 7) in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(E). These offenses involved the smuggling of a controlled substance into U.S. Penitentiary Lee County, a high

security prison. While his guideline sentencing range was 12 to 18 months based upon the quantity of drugs found, the court varied above the guidelines and sentenced Mr. Escobar to a total term of 36 months to run consecutively to his 216-month federal sentence imposed in 2011 in the Eastern District of Virginia. His projected release date is September 27, 2029. He is 35 years old.

## II.

The parties agree that under Amendment 821, the defendant is eligible for a reduction of his sentence from 36 to 32 months. However, the government argues that the court should not reduce Mr. Escobar's sentence due to his long association with the MS-13 gang and previous conviction for gang-related racketeering. The government also contends that a reduced sentence would present a safety risk even though Escobar would be deported back to Honduras upon his release because he illegally reentered the United States after a previous deportation. In turn, Mr. Escobar argues that his relationship with MS-13 and illegal reentry were already considered in his original sentence and that a four-month reduction would not impede the punitive and rehabilitative goals of sentencing.

## III.

Even where a defendant is deemed eligible for a reduced sentence under the Amendment, the court must still consider the applicable 18 U.S.C. § 3553(a) factors. Mr. Escobar's involvement with MS-13 since 2007 and conduct in prison

as evidenced by this case weigh against reduction. As part of his association with MS-13, Mr. Escobar operated a prostitution ring and attempted to murder a rival gang member with a pickaxe. Presentence Investigation Report ¶ 30, ECF No. 106. His original sentence in this case adequately reflects the seriousness of his offense and protects the public, if even for a short period, from further crimes.

Considering the foregoing, I find that the defendant is not qualified for relief. A separate Order will be entered in accordance with this Opinion.

DATED: February 29, 2024

/s/  JAMES P. JONES
Senior United States District Judge